IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ARTHUR JEFFERSON JR., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | NO. 3:09-CV-0210-K |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas County's Motion for Summary Judgment (Doc. No. 16), filed December 3, 2009.  The Court has reviewed and considered the motion, response, reply, summary judgment evidence, pleadings on file in this case, and the applicable law.  Because Plaintiff has failed to raise a genuine issue of material fact with respect to his claims that Defendant acted with deliberate indifference in regards to Plaintiff's medical needs, Defendant's Motion for Summary Judgment is **GRANTED**.

## I.    Factual and Procedural Background

Lee Arthur Jefferson ("Jefferson") was booked into the Dallas County Jail from January 4, 2007 through March 26, 2007.  According to Jefferson, at the time of booking, he informed the jail medical staff that he had a medical problem.  Dallas County claims, however, that Jefferson told the medical staff later during his confinement, rather than at the time of booking.  Jefferson stated he suffered from sickle

cell anemia, which is an inherited blood disorder where a person's red blood cells—normally flat and round—form into a sickle or crescent-moon shape and clog blood vessels.  Such blockages are known as crises.

Jefferson asserts that his sickle cell disease was not properly cared for during his confinement because medical treatment and examinations were sporadic at best.  On February 1, 2007, Jefferson's sister contacted the jail staff regarding the failure to provide Jefferson with medication.  On February 25, 2007, Jefferson was transferred from the Dallas County Jail to Parkland Hospital for further medical evaluation and treatment of his sickle cell disease.  Jefferson never returned to the jail.  On March 26, 2007 Jefferson was released from the custody of the Dallas County Sheriff's Department.  The total time Jefferson actually spent in the Dallas County Jail was fifty-two days.  The medical records reflect that Jefferson was seen and evaluated by jail physicians five times and by the jail nursing staff on eighteen different occasions during his incarceration.

Ultimately, Jefferson alleges that the failure of the jail staff to adequately meet his medical needs led to multiple sickle cell crises.  As a result, Jefferson suffered back and chest pain, respiratory problems, and anoxic brain damage due to the brain receiving an inadequate supply of oxygen.

On February 2, 2009, Jefferson filed his Original Complaint against Dallas County asserting claims under 42 U.S.C. § 1983 for the failure to provide constitutionally adequate medical treatment in violation of the 14th Amendment of the United States Constitution.  Defendant Dallas County moves for summary judgment.  In support of

its request for summary judgment, Dallas County argues that the factual record in this case does not raise a genuine issue of material fact regarding Jefferson's claims that he was denied medical care in violation of his federal constitutional rights.

## II.    Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1374 (Fed. Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

In considering whether genuine issues of material fact exist, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all evidence presented. *Id.* at 249. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

III.     **Analysis**

The denial of medical care to a pretrial detainee such as Jefferson involves an allegation of a deprivation of due process under the Fourteenth Amendment.  *Fields v. City of South Houston*, 922 F.2d 1183, 1191 (5th Cir. 1991); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1186 (5th Cir. 1990).  Jefferson alleges that the County is liable under 42 U.S.C. § 1983 for failing to provide him with constitutionally adequate medical treatment during the period of time he spent detained in the jail.

A.     **Conditions of Confinement or Acts or Omissions?**

The Parties differ as to whether Jefferson's Section 1983 claims should be considered a "conditions of confinement" case or one involving specific acts or omissions.  When a detainee complains of the number of bunks in a cell, or mail or television privileges, that is best characterized as a complaint regarding general conditions of confinement.  *Edwards v. Jefferson*, 209 F.3d 772, 778 (5th Cir. 2000); *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997).  In a "conditions of confinement" case, a constitutional violation arises only if the complained-of condition is not reasonably related to a legitimate, non-punitive governmental objective.  *Scott*, 114 F.3d at 53.  However, where the complaint is concerning a particular act or omission of one or more officials, it should be categorized as an "episodic act or omission" case.  *Edwards*, 209 F.3d at 778; *Scott*, 114 F.3d at 53.  In an episodic act or omission case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act or omission by the actor, and then points derivatively

- 4 -

to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission. *Scott*, 114 F.3d at 53. In this type of case, a plaintiff must prove an underlying constitutional violation by showing that the individual actor or actors acted with subjective deliberate indifference. *Edwards,* 209 F.3d at 778; *Scott*, 114 F.3d at 54. This subjective deliberate indifference standard applies equally to convicted inmates and pretrial detainees in an "episodic act or omission" case. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645, 647–48 (5th Cir. 1996) (en banc). Once a detainee has established an underlying constitutional violation, to hold the municipal entity liable it must show that the employee's act or omission resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. *Scott*, 114 F.3d at 54 (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)).

Here, the Court views this case as one involving episodic acts or omissions. Jefferson has complained of a particular set of acts or omissions—that he did not receive sufficient medical attention while detained in the jail. He now seeks to hold Dallas County liable for those acts or omissions of its employees by attempting to show that those acts or omissions flowed from an official policy or custom of the County. Therefore, the Court will examine Jefferson's Section 1983 claims under the well-established "deliberate indifference" standard.

**B.    Elements of Municipal Liability Under 42 U.S.C. § 1983**

Under 42 U.S.C. § 1983, a governmental entity such as Dallas County can only

be held liable if there is either an unconstitutional action by official policymakers or a policy or custom that caused the deprivation of a constitutional right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Jefferson v. Deep East Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). Municipal liability on a claim brought under Section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Jefferson must create a genuine issue of material fact that he suffered a violation of his constitutional right to medical care, and that an official policy or practice of Dallas County was a "moving force" behind that violation. *Piotrowski*, 237 F.3d at 578.

Inadequate medical care by a jail doctor can result in a constitutional violation under Section 1983 when that conduct amounts to deliberate indifference to the detainee's serious medical needs, constituting the unnecessary and wanton infliction of pain. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999)). Under the deliberate indifference standard, a prison official is not liable for the denial of medical care unless the official knows of and disregards an excessive risk to inmate health or safety. *Id.*

For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* Such indifference on the part of a

- 6 -

government employee can be evidenced by intentionally denying or delaying access to medical care or by intentionally interfering with the treatment prescribed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  Liability requires more than ordinary lack of due care, and a showing of simple or even heightened negligence will not suffice to establish deliberate indifference. *Farmer*, 511 U.S. at 835; *Wilson v. Seiter*, 501 U.S. 294, 305 (1991); *Jefferson*, 379 F.3d at 309.  To be deliberately indifferent, an official must have the subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).

Applying these principles to the present case, Jefferson must identify an official who knew that Jefferson had sickle cell anemia, understood the risks of sickle cell anemia, knew the appropriate level of treatment, was aware that Jefferson had been denied that level of treatment, and subjectively intended that this happen.  This he has failed to do.  Defendant submitted Jefferson's medical records on summary judgment, which show that he was evaluated by doctors on five occasions and by nurses on eighteen more.  At best, in his fifty-two days in jail, Jefferson was not seen as soon or as often as he would have preferred.  Thus, Jefferson has not provided any summary judgment evidence that raises a material factual dispute concerning any of this evidence submitted by Defendant.

Viewing the factual record as a whole, the Court does not find any failure to provide Jefferson medical treatment that amounts to deliberate indifference.  Moreover, any omission that may constitute negligence or medical malpractice does not support a

finding of liability under Section 1983.  *See Farmer*, 511 U.S. at 835 (liability requires more than ordinary lack of due care); *Jefferson*, 379 F.3d at 309 (a showing of simple or even heightened negligence will not suffice to establish municipality's liability under 42 U.S.C. § 1983); *Harris*, 198 F.3d at 159 (malpractice and negligent treatment do not rise to the level of a constitutional tort).

Because Jefferson has not set forth sufficient evidence on summary judgment to raise a material issue of fact regarding either the existence of a custom or policy or an underlying constitutional deprivation, the court necessarily concludes that he also has not sufficiently carried his summary judgment burden of setting forth proof of a causal link between the alleged policy and the constitutional harm, e.g., that the policy is the "moving force" behind the violation.  Thus, the Court finds overall that Jefferson has failed to raise a genuine issue of material fact regarding two of the three requisite elements of municipal liability, an official policy or custom, and a constitutional violation whose "moving force" is the policy or custom.  Dallas County is entitled to judgment as a matter of law on Jefferson's Section 1983 claims.

## IV.    Objections to Summary Judgment Exhibits

Defendant lodged evidentiary objections to much of Jefferson's summary judgment evidence.  However, the Court finds that it reaches the same conclusions as to Defendant's Motion for Summary Judgment whether or not it considers the disputed evidence.  Thus, Defendant's Objections to Exhibits In Support of Plaintiff's Response to Defendant's Motion for Summary Judgment are **OVERRULED as moot.**

Plaintiff objects to the summary judgment affidavit of Dr. Walter N. Skinner on the grounds that his statements are conclusory and not competent summary judgment evidence.  Because the Court does not rely on Dr. Skinner's affidavit in resolving Defendant's motion for summary judgment, Plaintiff's objections are **OVERRULED as moot.**  *See Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2006 WL 984690, at *1 n.6 (N.D. Tex. Apr.14, 2006) (Fitzwater, J.) (overruling as moot objections to evidence that is not considered by the Court in deciding a motion for summary judgment).

## V.     Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and Jefferson's claims are hereby **dismissed with prejudice**.  Judgment will be entered by separate document.

**SO ORDERED**.

Signed July 16th, 2010.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE